UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASKIRAT SINGH,

        Petitioner,

    v.

KRISTI NOEM, et al.,

        Respondents.

No.  1:26-cv-01160-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I.    Factual and Procedural History

Petitioner is a native and citizen of India who entered the United States without inspection on or about October 4, 2023.  ECF No. 1 at 3.  He requested asylum based on his past political persecution.  ECF No. 1 at 3.  In December 2023, he was released by Immigration and Customs Enforcement ("ICE") after a determination was made that he was neither a flight risk nor a danger to the community.  Id. at 6.  However, on January 14, 2026, petitioner was redetained by ICE without a warrant at a routine check-in appointment, despite asserting that he has complied with all of the terms of his release.  Id. at 7.  He was not afforded any pre-deprivation hearing prior to his redetention nor has he been provided a bond hearing by respondents.  Id.

In his first claim for relief, petitioner asserts that he is being detained in violation of the Immigration and Nationality Act ("INA") because the mandatory detention provision of 8 U.S.C. § 1225(b)(2) "does not apply to those who previously entered the country and have been residing in the United States prior to being [re]apprehended and placed in removal proceedings…." ECF No. 1 at 14. Next, petitioner contends that his ongoing detention violates his right to due process under the Fifth Amendment. Id. By way of relief, petitioner seeks his immediate release from immigration custody as well as declaratory relief that the BIA's Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (2025), decision is unlawful. Id. at 15.

In their answer, respondents submit that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) based on his arrest on January 18, 2024 on charges of forcible rape and oral copulation. ECF No. 6 at 1-2. In support of this, respondents rely upon the Laken Riley Act ("LRA") which amended 8 U.S.C. § 1226(c). After asserting that petitioner is not entitled to any relief, respondents request that any relief that petitioner is granted be tailored to not place the burden of proof on respondents to demonstrate that petitioner is a risk of flight or a danger and that they not be enjoined from removing petitioner from the United States "if an executable final order of removal is issued." ECF No. 6 at 5-7. Respondents attach the Fresno Police Department's Arrest Report and Incident Report dated January 18, 2024 of which they request the Court to take judicial notice. ECF No. 6-1 at 2-59. Respondents did not file any of petitioner's immigration records.

In his reply, petitioner emphasizes that all criminal charges filed against him were dismissed upon the motion of the Fresno County District Attorney on July 26, 2024, prior to his redetention by ICE. ECF No. 7. Petitioner submitted the Fresno County Superior Court's Minute Order dismissing the charges without prejudice. ECF No. 7-1. These court records also indicate that petitioner was released from criminal custody in July 2024. ECF No. 7-1 at 2. "Whether perfidy or mere oversight, the Government's failure to include or even reference the disposition of those charges is troubling, as they are highly relevant to the analysis of what detention authority applies to Petitioner, if any." ECF No. 7 at 1. With respect to respondents' citation to the Laken Riley Act as authority for petitioner's redetention, petitioner indicates that he was not

"charged with," "arrested for," nor convicted of any of the enumerated offenses at the time that he was redetained by ICE because they had already been dismissed and because his arrest was not supported by probable cause. ECF No. 7 at 2-3. "The LRA was signed into law on January 29, 2025; Petitioner's criminal charges and subsequent dismissal of those charges all occurred in 2024, prior to the application of that law, and retroactive application of the LRA would be impermissible." Id. at 3 (citations omitted). If the Court finds that the LRA applies, petitioner further submits that it cannot withstand the as-applied due process challenge in this case. Id. at 4.

## II.    Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

In January 2025, Congress enacted the Laken Riley Act, which expanded the categories of noncitizens who are subject to mandatory detention to include anyone who is inadmissible pursuant to certain provisions of 8 U.S.C. § 1182(a) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person…." See Pub. L. No. 119–1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)).

## III.    Analysis

In the present case, the Court must determine whether the LRA applies retroactively to petitioner's 2024 arrest. The retroactivity problem is evident from the documents submitted by

3

both parties in this case.[1]  The undersigned finds that the LRA does not justify petitioner's mandatory redetention because it is not retroactively applicable to his 2024 arrest.  See Vartelas v. Holder, 566 U.S. 257, 262 (2012) (holding that a 1996 amendment to the IIRIRA could not be applied retroactively to a noncitizen who committed a felony offense years before the legislation's effective date).  This conclusion is supported first and foremost by the absence of any explicit intent on the part of Congress for this provision to apply retroactively.  See I.N.S. v. St. Cyr, 533 U.S. 289, 316 (2001) (noting that "the first step in determining whether a statute has an impermissible retroactive effect is to ascertain whether Congress has directed with the requisite clarity that the law be applied retrospectively").  Moreover, the use of the present tense in this provision of the LRA further suggests that it was not meant to be applied to charges, arrests, or convictions that occurred prior to enactment of the statute.  8 U.S.C. § 1226(c)(1)(E) (using the phrases "is charged with, is arrested for, is convicted of, admits having committed, or admits committing"); see also United States v. Wilson, 503 U.S. 329, 333 (1992) (explaining that "Congress' use of a verb tense is significant in construing statutes").  "The LRA's use of the present tense means it cannot include 'a person [who] has previously been arrested for and charged with a crime where they have also been acquitted of the crime.  Nor can it mean someone who was arrested years ago, even if that arrest never manifested in indictment, because 'the present tense generally does not include the past.'"  Matute v. J.L. Jamison, et al., No. 2:25-cv-07093, 2026 WL 461557 * 5 (E.D. Pa. Feb. 18, 2026) (citations omitted).  Petitioner further points out that there is a presumption against the retroactive application of new legislation that predates the founding of our country.  See Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994) ("[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and

---

[1]  The Court grants the request to take judicial notice of the documents from the Fresno Police Department as well as the Fresno County Superior Court.  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).  The Court takes judicial notice only of the fact that petitioner was arrested for particular charges before those charges were dismissed, and not for the truth of the assertions in the documents.

4

embodies a legal doctrine centuries older than our Republic."). For all these reasons, petitioner is not subject to mandatory redetention pursuant to 8 U.S.C. § 1226(c)(1)(E) based on his 2024 arrest. Therefore, petitioner is entitled to relief on claim one of his § 2241 petition that he is being detained in violation of the INA.[2]

Petitioner was previously released by respondents. Accordingly, his circumstances are materially indistinguishable from those of other habeas petitioners this Court has found entitled to a pre-deprivation detention hearing. See D. L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (finding pre-deprivation hearing necessary under similar circumstances where the government had released a non-citizen for several years before redetaining him). If respondents seek to redetain petitioner in the future, they should first provide him a pre-deprivation detention hearing before an immigration judge to determine whether his detention is justified.

Finally, respondents request that the Court include specific language in its order that they are not "enjoined and restrained" from detaining petitioner to execute any final removal order that may be issued in the future. ECF No. 6 at 7. Petitioner does not appear to object to this request in concept, but seeks to "include language that only allows re-detention if that removal order is final, meaning that all administrative and judicial appeals including any Petitioner for Review to a Circuit Court of Appeals, have been resolved against him." ECF No. 7 at 4. Petitioner's proposal goes too far. For example, if adopted, it could lead to a situation where petitioner could not be detained for removal—at least absent a pre-deprivation hearing—even if the Ninth Circuit has denied his request for a stay of removal pending a petition for review. While petitioner might be entitled to other habeas relief if detained at that point, the Court should not now attempt to anticipate what that relief might entail when he would be subject to a different detention statute, 8 U.S.C. § 1231(a)(1)-(2).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on claim one.

---

[2] In the interests of judicial economy, the undersigned finds it unnecessary to reach claim two of the § 2241 petition.

5

2. Petitioner be released immediately from respondents' custody on the same conditions he was subject to prior to his redetention on January 14, 2026.

3. At the time of release, respondents be required to return all of petitioner's documents and possessions.

4. If the government seeks to redetain petitioner, it must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter at which petitioner's eligibility for bond must be considered.

5. Respondents be directed to file a notice of compliance with the provisions of any order entered in this case.

6. The order contain the following language: "Respondents are not enjoined and restrained from detaining Petitioner to execute his final order of removal if one is issued and the Petitioner receives notice before the government executes the final order of removal.  In such an event, Respondents may detain Petitioner for the sole and limited purpose of executing the final order of removal.  However, Petitioner is not precluded from seeking relief in a new habeas action concerning any such detention."

7. The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 24, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6