UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASKIRAT SINGH (A-241-149-926), | No.  1:26-cv-01160-DC-SCR (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | (ECF Nos. 8, 11) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 25, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 8.  On March 3, 2025, Respondents filed objections to the findings and recommendations.  ECF No. 9.  Respondents raise four objections in their filing.  *Id.*  First, Respondents argue that the dismissal of the criminal charges without prejudice against Petitioner should have no bearing on this court's analysis.  *Id.* at 1–2.  However, Petitioner was detained by ICE two years after his arrest on criminal charges, and approximately eighteen months after those charges were dismissed.  Respondents do not

1

explain the significant delay in detaining Petitioner.  Further, no neutral arbiter at a bond hearing under 8 U.S.C. § 1226 has determined whether those facts show that Petitioner is a flight risk or a danger to the community.  *See Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563, at *6 (E.D. Cal. Feb. 5, 2026) (granting release of a petitioner who had been detained for alleged infliction of corporal injury upon a spouse and child abuse with great bodily injury because no neutral arbiter at a bond hearing under § 1226 had determined that the detainment shows the petitioner is a danger to the community); *Selis Tinoco v. Noem,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting release of a petitioner who had been arrested for driving under the influence because no neutral arbiter at a bond hearing under § 1226 had determined that the DUI arrest shows the petitioner is a danger to the community).  Therefore, this objection is overruled.

Respondents' remaining three objections concern the magistrate judge's analysis under 8 U.S.C. § 1226(c) (the "Laken Riley Act").  However, the undersigned agrees with the magistrate judge's analysis and conclusion that the Laken Riley Act does not apply retroactively.  *See also Alvarado v. Mattos*, No. 2:26-cv-00416-APG-DJA, 2026 WL 963227, at *4 (D. Nev. Apr. 9, 2026) (finding that the Laken Riley Act is not a retroactive statute); *Matute v. Jamison*, No. 2:25-cv-07093, 2026 WL 461557, at *6 (E.D. Pa. Feb. 18, 2026) (same).  Respondents' objections therefore do not merit rejecting the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 8) are ADOPTED in full;

2. The request for the court to adopt the findings and recommendations (ECF No. 11) is

---

[1]   A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).

2

DENIED as moot;

3.  Respondents are ordered to immediately release Petitioner Jaskirat Singh (A-241-149-926) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

4. If Respondents seek to re-detain Petitioner, they must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered;

5. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of the final order of removal;

6. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Center; and

7. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 29, 2026**

_____
Dena Coggins
United States District Judge

3